UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BARBARA SUTTON,

    Plaintiff,

vs.     CASE NO. 3:09-cv-215-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____

**ORDER AND OPINION**

    This case is before the Court on Plaintiff's complaint and amended complaint (Docs. #1, #6), seeking review of the final decision of the Commissioner of the Social Security Administration (the Commissioner) denying Plaintiff's claim for a period of disability and disability insurance benefits (DIB). Both parties have consented to the exercise of jurisdiction by a magistrate judge, and the case has been referred to the undersigned by the Order of Reference dated August 5, 2009 (Doc. #11). The Commissioner has filed a transcript of the underlying administrative proceedings and evidentiary record (hereinafter referred to as "Tr." followed by the appropriate page number).

    Upon review of the record, the Court has found the issue raised by Plaintiff was fully briefed and determined oral argument would not benefit the Court in making its determination. Accordingly, the matter has been decided on the written record. For the reasons set out herein, the Commissioner's decision is **AFFIRMED**.

## PROCEDURAL HISTORY

In the instant action, Plaintiff protectively filed an application for a period of disability and DIB on November 22, 2005, with an alleged onset date of July 30, 2003 (Tr. 64). Plaintiff's application was denied initially and upon reconsideration (Tr. 52, 57). Thereafter, Plaintiff requested an administrative hearing, which was held on April 28, 2008 in Jacksonville, Florida before administrative law judge (ALJ) Teresa Davenport (Tr. 365). Plaintiff appeared and testified at the hearing, as did vocational expert (VE) Mark Capps (Tr. 365-66). Plaintiff was represented during the underlying administrative proceedings by Mr. Thomas Farrell IV, Esq. (Tr. 46-51, 365). At the hearing, Plaintiff amended the onset date to September 11, 2004 (Tr. 370). ALJ Davenport issued a hearing decision denying Plaintiff's claim for a period of disability and DIB on August 8, 2008 (Tr. 10-22). Plaintiff requested review of the hearing decision by the Appeals Council (AC); however, the AC denied Plaintiff's request on January 30, 2009 (Tr. 4-6), making the hearing decision the final decision of the Commissioner and subject to review under 42 U.S.C. § 405(g).

Plaintiff's current counsel of record, Mr. L. Jack Gibney, Esq., filed the instant action in federal court on March 9, 2009, and amended the complaint on May 21, 2009 (Docs. #1, #6). The Court has reviewed and given due consideration to the record in its entirety, including the parties' arguments presented in their briefs (Doc. #14, Plaintiff's brief and Doc. #15, Defendant's brief)[1] and the materials provided in the transcript of the underlying proceedings.

## SOCIAL SECURITY ACT ELIGIBILITY

---

[1] Hereafter, the Court will identify Plaintiff's brief as "P's brief" and Defendant's brief as "D's brief."

2

**AND THE STANDARD OF REVIEW**

Plaintiff is entitled to disability benefits if she is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months.  20 C.F.R. § 404.1505.[2]  The Commissioner has established a five-step sequential evaluation process for determining whether Plaintiff is disabled and therefore entitled to benefits.  *See* 20 C.F.R. § 404.1520.  Plaintiff bears the burden of persuasion through step four, while at step five the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The scope of this Court's review is generally limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  The Commissioner's findings of facts are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla - i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's

---

[2] Unless otherwise specified, all references to 20 C.F.R. will be to the 2009 edition.

decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The Commissioner must apply the correct law and demonstrate that he has done so. While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the Court will not re-weigh the evidence, but will determine whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude Plaintiff is not disabled. *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983).

As in all Social Security disability cases, the plaintiff bears the ultimate burden of proving disability, and is responsible for furnishing or identifying medical and other evidence regarding his or her impairments. *Bowen v. Yuckert*, 482 U.S. at 146 n.5; *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991); *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987); 42 U.S.C. § 423(d)(5) ("An individual shall not be considered to be under a disability unless he [or she] furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require."). It is a plaintiff's burden to provide the relevant medical and other evidence that he or she believes will prove the existence of disabling physical or mental functional limitations. 20 C.F.R. § 404.704.

**BACKGROUND**

Plaintiff, who was born September 11, 1954, was fifty years old (50) on her amended alleged onset date and fifty-three years old (53) at the time of the administrative hearing

(Tr. 64, 370). Plaintiff has a high school education, and testified at the hearing to one year of college classes (Tr. 372). Plaintiff has past relevant work as an administrative assistant, clerk typist, warehouse record clerk, and loan specialist (Tr. 390-91). In her un-dated Adult Disability Report, Plaintiff indicated that her ability to work was limited due to back injuries from a car wreck (Tr. 83). Plaintiff alleges the injuries and pain limit her ability to lift anything heavy, sit for any length of time, bend over, walk for a long time, or work with her hands over her head (Tr. 83). Plaintiff further claims the pain and disability cause her to be depressed (Tr. 83).

In her decision at Step Two, the ALJ found Plaintiff suffered from degenerative disc disease as a severe impairment (Tr. 16). The ALJ also noted that there is evidence that Plaintiff suffers from mild depression, though there is no evidence of more than slight limitations and therefore the mild depression is not a severe impairment (Tr. 16). The ALJ further found that Plaintiff has the residual functional capacity (RFC) to perform light work with no further limitation (Tr. 18).[3] At Step Four, the ALJ determined that in light of the record in its entirety and the Vocational Expert's testimony, the Plaintiff was able to perform her past relevant work (Tr. 21).

## ANALYSIS

On appeal, Plaintiff presents one argument. Plaintiff contends that the ALJ erred by failing to include Plaintiff's mental health problems as a severe impairment (P's Brief at 5). Specifically, Plaintiff alleges that the ALJ substituted her opinion for that of the

---

[3]Light work requires the ability to lift and carry 20 pounds occasionally and up to 10 pounds frequently, sitting up to 6 hours of an eight-hour workday, and standing/walking 6 or more hours in an eight-hour workday. 20 C.F.R. §404.1567(b); *see also* SSR 83-10, 1983 WL 31251, at *5 (S.S.A. Nov. 30, 1982).

examining and treating physicians, and did not properly assess the severity of Plaintiff's limitation (P's Brief at 5,6). Defendant responds that contrary to Plaintiff's argument, the ALJ did not err, and substantial evidence supports the ALJ's findings (D's Brief at 4). Defendant asserts the ALJ properly evaluated the evidence, and the overall evidence of record constitutes substantial evidence to support the ALJ's finding that Plaintiff's mental condition was a slight abnormality that would have only a minimal effect on Plaintiff's ability to work and was therefore not a severe impairment. (D's Brief at 7).

At Step Two of the five-step evaluation process, the ALJ is called upon to determine whether a claimant's impairments are severe. 20 C.F.R. § 404.1520(c). By definition, this inquiry is a threshold inquiry. "An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a). In this circuit, an impairment is not severe if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience. A claimant need show only that his or her impairment is not so slight and its effect not so minimal. *McDaniel v. Bowen*, 800 F. 2d 1026, 1031 (11th Cir. 1986). The claimant has the burden of proving that he or she has severe physical or mental impairments. *See Bowen v. Yuckert*, 482 U.S. at 146 n.5.

Further, when evaluating a claim of disability based on a mental impairment, the Commissioner is required to follow a special procedure set out in 20 C.F.R. § 404.1520a. *See Moore v. Barnhart*, 405 F.3d 1208, 1214 (11th Cir. 2005). Section 404.1520a(b)(2) mandates that the Commissioner rate the degree of functional limitation resulting from the impairments in accordance with paragraph (c) of that section and must record the findings

as set out in paragraph (e) of that section. Sub-paragraph (c)(4) requires the degree of limitation in the functional areas of daily living; social functioning; and concentration, persistence, or pace will be rated using a five-point scale of: "None, mild, moderate, marked, and extreme" and the degree of limitation in the fourth functional area (episodes of decompensation), be rated using the four-point scale of: "None, one or two, three, four or more." Section 404.1520a(e)(2) provides in pertinent part that "[a]t the administrative law judge hearing . . . the decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section."

In the instant matter, although Plaintiff suffers from "mild depression" the ALJ found that Plaintiff's "depression is not deemed to be a severe impairment" (Tr. 16). The ALJ applied the Psychiatric Review Technique and found that Plaintiff's mild depression results in "mild restrictions of activities of daily living, mild difficulties maintaining social functioning, mild difficulties maintaining concentration, persistence or pace and no episodes of decompensation" (Tr.16).

The ALJ's decision reflects her finding that Plaintiff had a severe impairment of degenerative disc disease and that she then proceeded with the other steps of the sequential evaluation process (Tr. 16-18). 20 C.F.R. § 404.1520(a)(4)(ii),(c). The ALJ's articulation of Plaintiff's mild depression as no more than a slight functional limitation demonstrates her consideration of Plaintiff's mental issues in the step two finding (Tr. 16).

In determining whether an individual's physical or mental impairments are of sufficient severity to establish disability under the Regulations, the ALJ is required to consider all of the individual's impairments regardless of whether each impairment on its own is found to be severe. 20 C.F.R. § 404.1523. The Eleventh Circuit has held that

where "a claimant has alleged a multitude of impairments, a claim for social security benefits based on disability may lie even though none of the impairments, considered individually, is disabling."  *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

In this case, the ALJ discussed in detail Plaintiff's impairments, including Plaintiff's mental condition, and then proceeded to assess Plaintiff's residual functional capacity and her ability to return to past relevant work under step four.  It is clear from the ALJ's analysis and wording that she was aware of all Plaintiff's impairments and considered them in combination as required under 42 U.S.C. § 423(d)(2)(B).  Although Plaintiff's mental health may have been impaired, she failed to show that her mental issues interfered with her ability to perform basic work activities.

At the request of the Social Security Administration, Plaintiff was evaluated by Dr. Peter Knox, a psychologist, on May 11, 2006 (Tr. 176).  Dr. Knox diagnosed Plaintiff with dysthymic depression and noted she was taking Effexor, Seroquel, and Valium (Tr. 178, 180).  On October 27, 2006, and January 19, 2007, Dr. Hussain, Plaintiff's treating physician, assessed Plaintiff with depression and generalized anxiety disorder and prescribed Effexor, Diazepam and Seroquel for those conditions (Tr. 293-96).  Notes from the treating facility show a history of depression and anxiety predating Dr. Hussain's assessment and continuing until at least one month before the administrative hearing (Tr. 297, 299, 302, 307, 310, 318, 331).  While Plaintiff was diagnosed with mental health issues, a medical diagnosis does not necessarily denote a severe impairment under the Social Security Act, nor does it necessarily indicate a limitation on the ability to work.  "A diagnosis alone is an insufficient basis for finding that an impairment is severe.  The severity of a medically ascertained impairment must be measured in terms of its effect

upon ability to work and not simply in terms of deviation from purely medical standards of bodily perfection or normalty." *Sellers v. Barnhart*, 246 F.Supp.2d 1201, 1211 (M.D. Ala. 2002) *citing McCruter v. Bowen,* 791 F. 2d 1544, 1547 (11th Cir. 1986).  A list of diagnoses is insufficient to establish the existence of a severe impairment.  *See, e.g. Wilkinson o/b/o Wilkinson v. Bowen,* 847 F. 2d 660, 662 (11th Cir. 1987) (where the court found the claimant must provide more than evidence of a listed diagnosis to prove disability under one of the listed impairments).

Contrary to Plaintiff's assertions, the Court finds the ALJ did not substitute her own opinion for that of examining and treating physicians.  While Plaintiff was diagnosed several times with depression and anxiety, none of these diagnoses included any opinion that Plaintiff's mental state affected Plaintiff's ability to work (*see e.g.*, Tr. 176-95, 198, 210-23, 293-97, 299, 302, 307, 318).  The ALJ is charged with determining the severity of a claimant's impairments.  It is the effect an impairment has on one's ability to work that determines disability within the meaning of the Social Security Act.  The effects of an impairment are measured by the limitations to the ability to work.  The ALJ must consider a claimant's limitations to the ability to work when assessing the severity of an impairment. *See* 20 C.F.R. §§ 404.1520(c), 404.1521 (limitations from an impairment determine whether it is severe).

The ALJ's findings as to Plaintiff's lack of a severe mental impairment are supported by Dr. Knox's clinical evaluation based on his May 11, 2006, consultative examination of Plaintiff (Tr. 176-81).  According to Dr. Knox's evaluation, Plaintiff has never sought out professional help in dealing with mental health issues as an inpatient (Tr. 16, 178).  While Dr. Knox diagnosed Plaintiff with dysthymic depression, he found her memory to be intact,

she had no significant issues in the areas of concentration and persistence, and no significant impairment in her ability to perform work-related mental activities (Tr. 16, 179-80). Plaintiff could relate information in a rational, coherent and sequential manner (Tr. 16, 179). Plaintiff reported to Dr. Knox that her main limitation was her back pain, that she has worked with her depression and the depression is just part of her life and not a major limitation (Tr. 16, 179). Dr. Knox diagnosed a Global Assessment of Functioning ("GAF") score of sixty-five (Tr. 16, 179).[4] GAF scores between sixty-five and seventy are indicative of an individual who exhibits some mild symptoms or difficulty in social or occupational functioning, but for the most part functions pretty well, and has some meaningful interpersonal relationships. *See Diagnostic and Statistical Manual of Mental Disorders*, DSM-IV, 34 (4th ed., American Psychiatric Assoc. 2000). Dr. Knox's evaluation does not conflict with any treating physician's assessment.

The reports of the two Social Security Administration reviewing psychologists, Dr. Steven Wise and Dr. Michael Zelenka, also support the ALJ's findings. On June 1, 2006, Dr. Wise completed a Psychiatric Review Technique form (Tr. 182). Dr. Wise found Plaintiff's mental impairments not to be severe (Tr. 182). Dr. Wise further found Plaintiff had no restriction of activities of daily living, mild difficulties in maintaining social functioning, mild difficulties in maintaining concentration, persistence, or pace, and no episodes of decompensation (Tr. 192). On August 9, 2006, Dr. Zelenka also completed

---

[4]The Global Assessment of Functioning Scale (GAF) was designed by mental health clinicians to rate the psychological, social and occupational functioning of an individual on a mental health scale of 0-100. DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, DSM-IV, 32-34 (4th ed., American Psychiatric Assoc. 2000).

a Psychiatric Review Technique form (Tr. 210). Dr. Zelenka also found Plaintiff's mental impairments not to be severe (Tr. 210). Further supporting the ALJ's decision, Dr. Zelenka found Plaintiff had no functional limitations (Tr. 220-21).

The Court finds no evidence in the record that Plaintiff had anything more than slight functional limitations as a result of her mental impairments.[5] Plaintiff did not put forth any evidence to establish how her asserted mental impairments limited her ability to work. It is Plaintiff's burden to prove she is disabled and produce evidence in support of her claim. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). There is, however, substantial evidence in the record to support the ALJ's determination that Plaintiff's mental impairments were not severe.

The ALJ made a specific finding as to all four functional areas required by 20 C.F.R. § 404.1520a, and determined that Plaintiff does not have a severe mental impairment. This finding is in concert with the applicable statutes, and supported by substantial evidence in the record.

## CONCLUSION

Thus, upon review of the ALJ's decision and the underlying record, the Court finds substantial evidence supports the ALJ's factual findings which were made in accordance with the applicable law and Regulations. For the reasons stated herein, the decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

The Clerk of the Court is directed to enter judgment consistent with this ruling and,

---

[5] Even Plaintiff's own attorney agreed with the ALJ that a GAF score of sixty-five (65) indicates only mild symptoms that would otherwise enable an individual to function fairly well (P's Brief at 6).

11

thereafter, to close the file.  Each party shall bear its own costs.

**DONE AND ORDERED** at Jacksonville, Florida this 11th  day of August, 2010.

Copies to all counsel of record

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge